157 P.3d 909 (2007)
STATE of Washington, Respondent,
v.
Michael E. MALONE, Appellant.
In the Matter of the Personal Restraint Petition of Michael E. Malone, Petitioner.
Nos. 23696-0-III, 23711-7-III, 24362-1-III.
Court of Appeals of Washington, Division 3.
May 10, 2007.
*910 Susan Marie Gasch, Gasch Law Office, Spokane, WA, for Appellant.
Kevin Michael Korsmo, Attorney at Law, Spokane, WA, Andrew J. Metts III, Spokane County Pros Offc, Spokane, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 Michael E. Malone appeals his convictions on four counts of delivery of methamphetamine and one count of possession of methamphetamine. He claims the trial court erred by vacating his guilty pleas to one count each of delivery and possession of methamphetamine. We agree and conclude that the trial court abused its discretion by vacating Mr. Malone's guilty pleas in these consolidated cases when Mr. Malone refused to "reaffirm" the guilty pleas at sentencing by stipulating to an incorrect offender score. We therefore reverse and remand for specific performance of Mr. Malone's plea agreement as he has elected for his preferred remedy. State v. Tourtellotte, 88 Wash.2d 579, 584, 564 P.2d 799 (1977).
¶ 2 Mr. Malone was charged with four counts of delivery of methamphetamine and one count of possession of methamphetamine. In a plea bargain, he agreed to plead guilty to one count of possession and one count of delivery. Both he and his lawyer signed an agreed "Understanding of Defendant's Criminal History" as part of the agreement. That document set out three prior felony convictions  one for grand theft in 1991 and two from Texas (a 1982 conviction for bail jumping and a 1980 conviction for unauthorized use of a motor vehicle). On February 26, 2004, Mr. Malone entered his pleas of guilty, which were accepted by the court.
¶ 3 On April 15, Mr. Malone appeared for sentencing before Spokane County Superior Court Judge Michael Price. The State provided sentencing recommendations. During *911 allocution, Mr. Malone questioned the offender score calculated by the State. He argued that the Texas convictions washed out. The State responded that Mr. Malone had stipulated to the offender score as part of his plea agreement and he could not seek a lower offender score at sentencing without breaching the plea agreement. The State asked the court to vacate the pleas if Mr. Malone wished to change his position. The defense replied that because it was the sentencing court's responsibility to fix an accurate offender score based on his stipulated criminal history, the offender score was not part of the agreement. Mr. Malone asked the court to sentence him, based on an offender score as accurately calculated by the court. The sentencing judge asked the parties to brief the issue and set a hearing on the State's motion to vacate.
¶ 4 On May 6, the parties appeared before Spokane County Superior Court Judge Jerome Leveque. Mr. Malone informed the court he wished to fire his public defender and hire private counsel. The public defender was discharged and the court proceeded with the hearing to vacate the pleas. While the judge and prosecutor discussed whether Mr. Malone wished to proceed pro se on the motion to vacate and the need for on-the-record colloquy, Mr. Malone seemed to focus on the merits of the offender score issue. Judge Leveque interrupted:
Just tell me this. Do you want to adopt and unequivocally at this time tell the Court that you want to adopt the plea agreement as it was entered into before Judge Price, or do you want it vacated?
Report of Proceedings (May 6, 2004) at 15.
¶ 5 After some discussion, Mr. Malone ultimately agreed to vacate the pleas and Judge Leveque entered an order to that effect.[1] In September, Mr. Malone proceeded to trial. He was convicted by a jury of four counts of delivery of methamphetamine and one count of possession of methamphetamine. The jury found by special verdict that the four deliveries took place within 1,000 feet of a school bus route zone and the fourth delivery also took place in a public park.[2]

VACATION OF GUILTY PLEAS
¶ 6 At sentencing, Mr. Malone argued that he was entitled to have the trial court calculate the offender score. The State claimed that Mr. Malone changed his position on a stipulated offender score, which constituted a breach of the plea agreement. Mr. Malone contends that the trial court improperly granted the State's motion to vacate his guilty pleas.
¶ 7 A plea agreement is a contract between the defendant and the prosecutor. In re Pers. Restraint of Lord, 152 Wash.2d 182, 188, 94 P.3d 952 (2004) (citing State v. Turley, 149 Wash.2d 395, 400, 69 P.3d 338 (2003)). In order to vacate a guilty plea on the basis of a defendant's breach of the plea agreement, the State must establish the breach in a hearing. In re Pers. Restraint of James, 96 Wash.2d 847, 850, 640 P.2d 18 (1982). The trial court must then determine whether the agreement has been breached. Id.
¶ 8 A trial court must permit a defendant to withdraw a guilty plea "to correct a manifest injustice."[3] CrR 4.2(f). CrR 4.2(f) does not apply to a motion to vacate a guilty plea made by the State. Tourtellotte, 88 Wash.2d at 585, 564 P.2d 799. In general, the trial court has discretion to vacate a *912 guilty plea. E.g., State v. Stough, 96 Wash. App. 480, 487, 980 P.2d 298 (1999).
¶ 9 Here, the trial court vacated the plea agreement without finding a manifest injustice on the defendant's request to withdraw the pleas and without finding a claimed breach on the State's request to vacate the pleas. This was an abuse of discretion. See, e.g., State v. Miles, 77 Wash.2d 593, 597-98, 464 P.2d 723 (1970) (an abuse of discretion can be found upon a showing that the trial court either failed to exercise its discretion or manifestly abused its discretion); State v. Jackman, 113 Wash.2d 772, 777, 783 P.2d 580 (1989) (an abuse of discretion can be found if the trial court's decision is based on an erroneous interpretation of the law).
¶ 10 The Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, requires the sentencing court to calculate a defendant's offender score by the sum of points accrued under RCW 9.94A.525. State v. Ross, 152 Wash.2d 220, 229, 95 P.3d 1225 (2004). To assist the court in determining the offender score, the prosecuting attorney and the defendant "each provide the court with their understanding of what the defendant's criminal history is prior to a plea of guilty pursuant to a plea agreement." RCW 9.94A.441. The State is required to prove the defendant's criminal history to the sentencing judge by a preponderance of the evidence, or the court may rely on the defendant's stipulation or acknowledgement of prior convictions to calculate the offender score. RCW 9.94A.441; RCW 9.94A.530(2); In re Pers. Restraint of Cadwallader, 155 Wash.2d 867, 873-74, 123 P.3d 456 (2005).
¶ 11 But "a defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute." In re Pers. Restraint of Goodwin, 146 Wash.2d 861, 872, 50 P.3d 618 (2002). A sentence based on an incorrect offender score calculation is a sentence in excess of that authorized by statute. Id. Although the prosecution may agree to sentencing recommendations, the sentencing court bears the ultimate responsibility to determine the correct offender score and sentencing range. RCW 9.94A.460; Ross, 152 Wash.2d at 229, 95 P.3d 1225. Nothing in the plea agreement or otherwise made it improper for Mr. Malone to seek a correctly calculated offender score as determined by the sentencing judge.[4] Here, instead of complying with the requirements of the SRA by properly calculating the offender score, the sentencing court required Mr. Malone to choose between  unequivocally adopting the plea agreement  which the judge misinterpreted to require Mr. Malone to stipulate to an incorrect offender score  or vacating the plea agreement. This was an untenable choice.
¶ 12 The State asserts that the plea was not vacated, rather Mr. Malone sought withdrawal of his guilty pleas and the court granted his request. The record does not support this assertion. The State continuously and vigorously claimed that Mr. Malone was in breach of the plea agreement and sought to vacate the pleas. Mr. Malone ultimately assented to vacating the guilty pleas, but only because the alternative was to be sentenced under an improperly calculated offender score.
¶ 13 When the court wrongfully grants a state's motion to vacate the plea, the defendant has two possible remedies. Tourtellotte, 88 Wash.2d at 584, 564 P.2d 799. "The court can permit the accused to withdraw his plea and be tried anew on the original charges, or grant specific performance of the agreement." Id. at 585, 564 P.2d 799. The defendant's preference controls the remedy "`unless there are compelling reasons not to allow that remedy.'" State v. Harrison, 148 Wash.2d 550, 557, 61 P.3d 1104 (2003) (quoting State v. Miller, 110 Wash.2d 528, 535, 756 P.2d 122 (1988)). Mr. Malone has indicated that he wishes to specifically enforce the plea agreement. He is entitled to do so. See State v. Schaupp, 111 Wash.2d 34, 41, 757 P.2d 970 (1988).

*913 PERSONAL RESTRAINT PETITION
¶ 14 Because it may be raised on remand, we address the issue identified in Mr. Malone's separate personal restraint petition. Mr. Malone argues that his delivery conviction must be reversed under authority of State v. Morris because delivery of methamphetamine hydrochloride is not listed in former RCW 69.50.401 (1998). State v. Morris, 123 Wash.App. 467, 98 P.3d 513 (2004), overruled in part by State v. Cromwell, 157 Wash.2d 529, 532-36, 140 P.3d 593 (2006). He claims, therefore, it is subject to a lower penalty. See Morris, 123 Wash.App. at 475, 98 P.3d 513 (citing former RCW 69.50.401(a)(1)(iii)).
¶ 15 This court reviews questions of statutory construction de novo. State v. J.M., 144 Wash.2d 472, 480, 28 P.3d 720 (2001). We review the law in effect at the time of the offense. RCW 9.94A.345; State v. Bader, 125 Wash.App. 501, 503, 105 P.3d 439, review denied, 155 Wash.2d 1010, 122 P.3d 912 (2005). Mr. Malone committed the crimes in 2001. The 2005 amendments to former RCW 69.50.401 did not become effective until July 24, 2005. LAWS OF 2005, ch. 218, § 1.
¶ 16 Former RCW 69.50.401 stated that a person violated this subsection if found in possession with intent to manufacture or deliver methamphetamine. Former RCW 69.50.401(a)(1)(ii). Later amendments to the statute included "salts, isomers, and salts of isomers" in the classification of a controlled substance such as methamphetamine. RCW 69.50.401(2)(b); LAWS OF 2005, ch. 218, § 1.
¶ 17 Mr. Malone asserts that under former RCW 69.50.401 methamphetamine hydrochloride (salt) is not methamphetamine for purposes of prosecution. In Morris, Division Two of this court held that methamphetamine in former RCW 69.50.401(a)(1)(ii) refers only to base methamphetamine (the liquid) and does not include methamphetamine hydrochloride (the salt). Morris, 123 Wash. App. 467, 98 P.3d 513.
¶ 18 The Washington Supreme Court found this to be incorrect. Cromwell, 157 Wash.2d at 535-37, 140 P.3d 593. Instead, it held that methamphetamine salt and base are the same chemical substance. Id. at 535-36, 140 P.3d 593. Converting the liquid base into a solid methamphetamine salt is a functional refinement only. Id. at 536-37, 140 P.3d 593. The Washington Supreme Court held, therefore, that it is reasonable to infer that the definition of methamphetamine includes its salt form. Id. at 537, 140 P.3d 593. Thus, when the legislature used the word "methamphetamine" in former RCW 69.50.401 the word included "all forms of the substance." Id. Mr. Malone's argument is without merit. We therefore dismiss the petition.
¶ 19 We reverse his convictions and remand for specific enforcement of Mr. Malone's plea agreement.
WE CONCUR: SWEENEY, C.J., and BROWN, J.
NOTES
[1] Given our opinion that the court abused its discretion by vacating the guilty pleas, we do not address Mr. Malone's argument on reconsideration concerning his right to counsel at critical stages of his criminal proceeding. See State v. Zakel, 119 Wash.2d 563, 571, 834 P.2d 1046 (1992) (declining to address a constitutional issue when it was unnecessary to the disposition).
[2] In light of our reversal of the vacation of Mr. Malone's guilty pleas, which included a guilty plea to the first count of delivery, we need not address Mr. Malone's contention that there was insufficient evidence to support the special verdict that count four took place in a public park.
[3] A "manifest injustice" is one "that is obvious, directly observable, overt, [and] not obscure." State v. Taylor, 83 Wash.2d 594, 596, 521 P.2d 699 (1974). A manifest injustice exists where (1) the plea was not ratified by the defendant, (2) the plea was not voluntary, (3) effective counsel was denied, or (4) the plea agreement was not kept. State v. Wakefield, 130 Wash.2d 464, 472, 925 P.2d 183 (1996).
[4] The offender score was incorrect. The two Texas convictions washed out. See RCW 9.94A.525(2). The convictions were not applied toward Mr. Malone's offender score when he was finally sentenced after the trial. The prosecutor ultimately agreed that the Texas convictions washed out, and that is what the judge found when Mr. Malone was sentenced after trial.