[No. 59943-7-I.   Division One.   May 12, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN PATRICK COLLINS, *Petitioner*.

*Paula J. Lofgren-Peach* (of *Associated Counsel for the Accused*) and *Suzanne L. Elliott*, for petitioner.

*Daniel T. Satterberg, Prosecuting Attorney*, and *Zachary C. Wagnild* and *James M. Whisman, Deputies*, for respondent.

¶1 BECKER, J. — Appellant John Collins entered into a plea agreement to recommend a specific sentence based on a specific offender score that included certain out-of-state convictions. He affirmatively acknowledged the accuracy of the scoring forms. He then attempted to argue at sentencing that the trial court could not include the out-of-state convictions in his offender score unless the State proved them to be factually comparable to a Washington felony. The trial court appropriately concluded that Collins had breached the plea agreement. Rescission was the proper remedy.

¶2 Collins' estranged wife filed a police report alleging that Collins drugged and raped her on April 13, 2005. Collins was arrested and booked into the King County jail. He has been in custody ever since.

¶3 The State charged Collins with one count of second degree rape, a class A sex offense with a long standard sentence range. As both parties were aware, Collins had previously been convicted in California of two crimes involving sex with a minor, as well as a felony theft. Each previous conviction for a sex offense would add three points to the offender score for the rape. Based on an offender score of eight, Collins was facing a standard range sentence of 185-245 months' incarceration as well as a lifetime of community custody after his release from confinement, if he was convicted as charged. The State was also considering adding a witness tampering charge based on evidence that

Collins attempted to persuade a witness to lie on his behalf while in custody.

¶4 There were lengthy plea negotiations. The result was a plea agreement that would allow Collins to serve a shorter sentence, to have a shorter period of community custody supervision after release, and to avoid the filing of additional charges. Collins agreed to plead guilty to an amended charge of two less serious crimes, second degree assault (count 1) and unlawful imprisonment with sexual motivation (count 2). The prosecutor agreed to present a joint recommendation for a high-end sentence of 57 months on count 2, with the shorter sentence for the assault charge to run concurrently. The statement of defendant on plea of guilty sets forth the agreed sentence recommendation in detail:

> An agreed standard range recommendation of 20 months on count 1 and 57 months on count 2, time to run concurrent, credit for time served.
>
> Def[endant] to obtain a mental health exam and follow-up treatment, obtain a sexual deviancy eval[uation] and follow-up treatment, no contact with [the victim], enter and complete batterer's treatment.
>
> The State is *not* seeking an exceptional sentence and agrees with the defense that there is no stip[ulation] to any facts to legally support an exceptional sentence. . . .
>
> State agrees not to file any further charges from SPD # 05-152009. Community custody of 36 to 48 months on sex offenses.[1]

¶5 Attached to the plea agreement was the prosecutor's understanding of defendant's criminal history. This document listed the three adult felony convictions from California: a theft in 1998 and two 1996 convictions from Shasta County for unlawful sexual intercourse with a minor and oral copulation of a person under 18 years of age.

¶6 Also attached were scoring forms showing Collins' offender score for the two crimes to which he was pleading

---

[1] Clerk's Papers at 68 (Statement of Def. on Plea of Guilty).

guilty. On count 1, the assault conviction, his offender score was four and the standard range was 15 to 20 months. On count 2, the conviction for unlawful imprisonment with sexual motivation, his offender score was eight and the standard range was 43 to 57 months. The scoring form for count 2 showed that the offender score of eight was arrived at by counting each of his two prior sex offenses at three points each.

¶7  The plea agreement, signed by Collins and his attorney, included their agreement that Collins' criminal history was correctly stated and that the scoring forms were accurate:

> The defendant agrees to the foregoing Plea Agreement and that the attached sentencing guidelines scoring form(s) (Appendix A) and the attached Prosecutor's Understanding of Defendant's Criminal History (Appendix B) are accurate and complete and that the defendant was represented by counsel or waived counsel at the time of prior conviction(s).[2]

The trial court accepted the plea on January 17, 2007. Sentencing was set for a future date.

¶8  Before sentencing, Collins notified the State that he intended to contest the inclusion of the two California sex crimes in his offender score. His presentence report asserted that the California sex offenses were not comparable to Washington felony sex offenses. Without those two convictions in his criminal history, Collins' offender score would be six points lower. He took the position that the correct standard range sentence was 12 to 14 months on count 1 and 4 to 12 months on count 2.[3]

¶9  The State filed a motion opposing Collins' challenge to his offender score. In the State's view, Collins had agreed to the offender score in order to get the benefit of the State's plea offer and was now breaching the plea agreement by

---

[2] Clerk's Papers at 31 (Felony Plea Agreement—Criminal History and Offender Score para. (a)).

[3] Clerk's Papers at 108 (Defense Presentence Report).

insisting that the State still had an obligation to prove the comparability of the California convictions.

¶10 The parties agreed the comparable crime in Washington is third degree rape. RCW 9A.44.079. The Washington statute makes it a crime to have sexual intercourse with a person who is 14 or 15 years old who is not married to the defendant. The defendant must be at least 48 months older than the victim. The California statutes under which Collins was convicted are similar to the Washington statute on third degree rape in that they make it a crime to have sexual intercourse with a person who is under 18, but they are broader than the Washington statute in the sense that the legally required age difference is only three years.

¶11 During the course of plea negotiations the State obtained, and shared with Collins, the certified Shasta County court records showing that Collins was convicted in California for two offenses arising out of the same act with the same victim. The court records included the information, plea agreement, and judgment and sentence. These documents, which were attached to the State's motion, prove that Collins was 19 years old at the time of the criminal act in California; the California victim was at least 15 years old; she was not married to Collins; and she was at least three years younger than Collins. What the court records do not prove is that she was at least 48 months younger than Collins, a necessary element of the allegedly comparable Washington felony. However, the State also obtained, and shared with Collins during plea negotiations, a police report in the California case stating the victim's date of birth. It is four years and two days later than Collins' date of birth.

¶12 Collins took the position that it was up to the court to calculate the offender score correctly, notwithstanding his plea agreement. He argued that the State could not prove that the California convictions were truly comparable. To prove a foreign conviction is factually comparable to a Washington offense, court records must show that the underlying facts were admitted or stipulated to, or proved

to the finder of fact beyond a reasonable doubt in the foreign conviction. *See In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005) (citing *State v. Ortega*, 120 Wn. App. 165, 84 P.3d 935 (2004)). The certified records from the underlying California prosecution do not contain proof of the 48-month age difference. Collins argued that in order to impose a legal sentence, the court was obliged to determine that his offender score was two, not eight.

¶13 The trial court found that Collins' request for a sentence based on a lower offender score was a breach of his plea agreement, in which the parties' agreement to an offender score of eight and a standard range of 45-57 months was a material term. "He affirmatively agreed to something and now he doesn't want to agree with it anymore. It's that simple. It's a breach. . . . [T]he bottom line is the plea agreement says what it says. It agrees to a standard range. The only way you can get to that standard range in the agreement is to include those two out-of-state convictions as felonies and get the requisite offender score out of that."[4] The court rescinded the plea agreement and reinstated the original charge of second degree rape.

¶14 This court accepted Collins' petition for discretionary review. He asks us to reinstate the plea agreement and the conviction, and remand for a sentencing hearing in which the trial court would determine the comparability of the California sex offenses.

¶15 Out-of-state prior convictions may count in the offender score if they are comparable to a Washington felony. RCW 9.94A.525(3). Comparability is both a legal and a factual question. *State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). If the Washington statute defines the offense with elements that are identical to, or broader than, the foreign statute, then the conviction under the foreign statute is necessarily comparable to a Washington offense. But if the Washington statute defines the offense more narrowly than the foreign statute, then the court must

---

[4] Report of Proceedings (Apr. 26, 2007) at 9, 13.

determine whether the defendant's conduct, as evidenced in the records of the foreign conviction, would have violated the Washington statute. *Morley*, 134 Wn.2d at 606. The facts underlying the foreign conviction must have been admitted or stipulated to or proved to the finder of fact in the foreign jurisdiction beyond a reasonable doubt. *State v. Farnsworth*, 133 Wn. App. 1, 18, 130 P.3d 389 (2006). Otherwise, the attempt in Washington to examine the underlying facts of the foreign conviction will prove problematic "because there may have been no incentive for the accused to have attempted to prove that he did not commit the narrower offense." *Lavery*, 154 Wn.2d at 257.

¶16 The State normally bears the burden to prove by a preponderance of evidence the existence and comparability of a defendant's prior out-of-state conviction. *State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004). According to Collins, nothing in his plea agreement relieved the State from the obligation to carry its normal burden of proving the comparability of the two convictions at sentencing. Based on the information presently in the record, Collins believes the State cannot prove that his California convictions are comparable. The certified records of the convictions from Shasta County establish that the State proved a three-year age gap, but not a 48-month age gap. Collins maintains that in the absence of such proof, the trial court had the obligation to calculate his offender score without the California convictions and sentence him under the plea agreement to 14 months, the high end of the higher standard range as calculated for someone with an offender score of two.

¶17 Collins contends this result is compelled by *In re Personal Restraint of Goodwin*, 146 Wn.2d 861, 50 P.3d 618 (2002). In that case, petitioner Goodwin sought relief from a standard range sentence of 48 months for unlawful possession of a firearm, a charge to which he had entered a guilty plea. The standard range was determined using an offender score of four, based upon the prosecutor's representation of Goodwin's criminal history. Goodwin had agreed

that the criminal history as represented by the prosecutor was "correct and complete." *Goodwin*, 146 Wn.2d at 864. The history included several offenses that Goodwin had committed when he was a juvenile. In the personal restraint petition, Goodwin argued that the juvenile convictions had "washed out" under a controlling statute and therefore should not have been included in his offender score. The State agreed that the juvenile convictions were improperly counted but argued that Goodwin had waived the issue by agreeing that the criminal history listed in his statement on plea of guilty was correct. Alternatively, the State argued that Goodwin had breached the plea agreement by collaterally attacking his sentence.

¶18 The Supreme Court granted Goodwin's petition and remanded for resentencing using an offender score calculated without the washed-out convictions. The basis for the court's decision was the well-established principle that a sentencing court acts without statutory authority when it imposes a sentence based on a miscalculated offender score. *Goodwin*, 146 Wn.2d at 867-68 (quoting *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997)). A sentence in excess of statutory authority is ordinarily subject to challenge, even when imposed pursuant to a plea agreement, and if it is wrong, the defendant is entitled to be resentenced. *Goodwin*, 146 Wn.2d at 869.

¶19 But the right to argue that an offender score has been miscalculated can be waived. When a defendant affirmatively acknowledges that a foreign conviction is properly included in the offender score, the trial court does not need further proof of classification before imposing a sentence based on that score. *State v. Ford*, 137 Wn.2d 472, 483 n.5, 973 P.2d 452 (1999). The exception established in *Goodwin* is when the alleged miscalculation is due to a "legal error." "While waiver does not apply where the alleged sentencing error is a *legal error* leading to an excessive sentence, waiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court

discretion." *Goodwin*, 146 Wn.2d at 874. "*Goodwin* turned on the fact that that defendant's sentence contained obvious errors." *Ross*, 152 Wn.2d at 231. Goodwin's collateral attack was permissible because the validity of his sentence depended upon the resolution of an immediately apparent legal issue rather than the resolution of a factual dispute.

¶20 In *Ross*, the Supreme Court considered an argument that in *Goodwin* they had abrogated their earlier statement in *Ford* that a defendant's affirmative acknowledgment of a prior out-of-state conviction satisfies the Sentencing Reform Act of 1981, chapter 9.94A RCW. The court rejected this argument, making clear that a challenge to an offender score can still be waived by affirmatively acknowledging a prior out-of-state conviction. The Supreme Court declared that "[t]o invoke the waiver analysis set forth in *Goodwin*, a defendant must first show on appeal or by way of personal restraint petition that an error of fact or law exists within the four corners of his judgment and sentence." *Ross*, 152 Wn.2d at 231.

¶21 Here, there is no judgment and sentence because the trial court rescinded the plea agreement and set aside Collins' conviction. But the rationale of *Ross* applies. Collins affirmatively acknowledged that the California convictions were properly included in his offender score. He thereby relieved the State of its normal burden of proof. In *Goodwin*, a similar acknowledgment was held not to operate as a waiver because there was a legal error apparent on the face of the plea agreement; the offender score included three juvenile convictions that had washed out. Here, unlike in *Goodwin*, nothing on the face of the plea agreement indicated that it would be legal error to include the California convictions in the offender score. If the matter had proceeded to sentencing upon the plea agreement, the trial court would have properly included the California convictions in Collins' offender score without further proof of classification.

¶22 The matter did not proceed to sentencing here because Collins did not follow through on his agreement to

join the State in recommending a 57-month sentence. The trial court declared Collins to be in breach of the agreement and at the State's request rescinded the plea. Collins contends that rescinding the plea over his objection was an abuse of discretion, relying on *State v. Malone*, 138 Wn. App. 587, 157 P.3d 909 (2007).

¶23 In *Malone*, a defendant entered into a plea agreement that set out his criminal history, including two Texas convictions from the early 1980s. At sentencing, the defendant argued that the Texas convictions had washed out and insisted that the trial court should calculate the offender score without them. The State claimed that the defendant had stipulated to an offender score in which the Texas convictions counted and that arguing otherwise was a breach of the agreement. The trial court set aside the plea. This decision was reversed on appeal based on *Goodwin*; as in *Goodwin*, the fact that the defendant had negotiated a plea agreement did not preclude him from asking the trial court to exclude from his offender score the convictions that had washed out. *Malone*, 138 Wn. App. at 593-94.

¶24 *Malone* does not control here for two reasons. First, like in *Goodwin*, the offender score as calculated by the State in *Malone* was based on washed-out convictions, an obvious legal error that does not depend on factual proof such as certified records. Second, while the defendant's plea agreement in *Malone* stipulated to the existence of his Texas convictions, unlike here it did not contain language agreeing to the prosecutor's scoring of those convictions.

¶25 The trial court has discretion to vacate a guilty plea. *Malone*, 138 Wn. App. at 592. When Collins signed the plea agreement and agreed that his criminal history and the scoring forms were "accurate and complete," he relieved the State of its burden to present certified records proving that his conduct during the commission of the California offenses made those offenses factually comparable to the more narrowly defined Washington offense. The scoring form assigning to him an offender score of eight can be accurate only if the California sex offenses are factually

comparable to Washington felonies. His effort to force the State to prove factual comparability to the trial court breached a material term of the plea agreement. There is no reason to believe the State would have agreed to eliminate the rape charge if the effect was to reduce the high end of the standard range from 245 months to 14 months. As the trial court aptly stated, Collins "affirmatively agreed to something and now he doesn't want to agree with it anymore." We conclude the trial court did not err by setting the plea agreement aside and reinstating the original charges.

¶26 The trial court denied Collins' request for release pending appeal. Collins seeks review of that order pursuant to RAP 8.2(b). We find no basis for altering the trial court's decision to deny release.

¶27 Affirmed.

SCHINDLER, C.J., and DWYER, J., concur.

Review denied at 165 Wn.2d 1032 (2009).