# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47820-0-II |
| Respondent, | |
| v. | |
| MICHAEL RAY SIMPSON, JR., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Michael Simpson Jr., appeals his sentence following his guilty plea to two counts of second degree assault, two counts of third degree rape, two counts of misdemeanor violation of a protection order, and one count of felony harassment.  He argues, and the State concedes, that the sentencing court erred by miscalculating his offender score and imposing a sentence based on the erroneously calculated offender score.  We accept the State's concession, vacate Simpson's sentence, and remand for resentencing under the appropriate offender score.[1]

## FACTS

On June 10, 2014, Simpson pleaded guilty to crimes including two counts of second degree assault, two counts of third degree rape, two counts of misdemeanor violation of a

---

[1] Simpson also seeks waiver of appellate costs.  Because we remand for resentencing, the appellate costs issue is not ripe.

protection order, and one count of felony harassment. During plea negotiations, Simpson stipulated to the State's summary of his criminal history, which included a 2004 California conviction for first degree burglary. The sentencing court calculated Simpson's offender score at 11, and sentenced him to a standard range sentence.

Simpson moved to correct the judgment and sentence, arguing the judgment and sentence erroneously listed the 2004 conviction for first degree burglary, when his prior conviction was actually a 2004 California class C felony conviction for possession of cocaine. Simpson further argued that the court erroneously calculated his offender score because the 2004 possession of cocaine conviction should have washed out.

The sentencing court entered an order reflecting the correct criminal history and determined that Simpson's offender score was 9. The sentencing court did not change Simpson's sentence.

Simpson then filed a motion to vacate the sentence, and the sentencing court conducted a hearing to consider whether the 2004 California conviction washed out. The State argued that Simpson stipulated to the particular conviction in the plea bargain. Simpson acknowledged that he had stipulated to his criminal history during plea negotiations. The court then denied Simpson's motion to vacate his sentence based on Simpson's stipulation to the conviction during his plea negotiations.

Simpson appeals.

ANALYSIS

Simpson argues that the sentencing court erred when calculating his offender score and that the error led to the imposition of an incorrect sentence. The State concedes. We agree that the sentencing court miscalculated Simpson's offender score and accept the State's concession.

## I. LEGAL PRINCIPLES

We review offender score calculations de novo. *State v. Moeurn*, 170 Wn.2d 169, 172, 240 P.3d 1158 (2010). The Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, requires the sentencing court to calculate a defendant's offender score by the sum of points accrued under RCW 9.94A.525. In reviewing a challenge to an offender score, we adhere to the principles that (1) a sentence in excess of statutory authority is subject to collateral attack, (2) a sentence is excessive if based upon a miscalculated offender score (miscalculated upward), and (3) a defendant cannot agree to punishment in excess of that which the legislature has established. *In re Goodwin*, 146 Wn. 2d 861, 873-74, 50 P.3d 618 (2002). Additionally, a sentencing court bears the ultimate responsibility to determine the correct offender score and sentencing range. *State v. Malone*, 138 Wn. App. 587, 593, 157 P.3d 909 (2007).

## II. SENTENCING ERROR

The sentencing court erroneously included Simpson's 2004 class C felony conviction for possession of cocaine when calculating Simpson's offender score. Under RCW 9.94A.525(2)(c), class C felony convictions other than sex offenses are not included in the offender score if, since the last date of release from confinement pursuant to a felony conviction or entry of judgment and sentence, the offender spent five consecutive years in the community without being convicted of any felonies. Simpson's 2004 conviction should have washed out for sentencing

purposes because the record shows that Simpson spent five years in the community without committing any crime that resulted in a conviction.

Because Simpson's 2004 conviction washes out, Simpson's correct offender score should be 8 rather than 9. *See* RCW 9.94A.525(2)(c). The sentencing court calculated Simpson's offender score at 9 based on Simpson's stipulation in his plea agreement to a criminal history, which included the 2004 conviction. Because a defendant cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that authorized by statute, and a sentencing court bears the ultimate responsibility to determine the correct offender score, the sentencing court here erred in imposing a sentence based on the incorrect offender score. *See In re Goodwin*, 146 Wn. 2d at 873-74; *Malone*, 138 Wn. App. at 593.

The sentencing court erroneously calculated Simpson's offender score and as a result, Simpson's sentence exceeds what is statutorily permitted for his crimes. We therefore vacate Simpson's sentence, and remand his case for resentencing using the correct offender score of 8. *See In re Goodwin*, 146 Wn. 2d at 873-74.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Simpson also filed a statement of additional grounds for review (SAG). In addition to the offender score argument we considered above, Simpson also argues that there should be some sort of "compensation" awarded to him and his family for the trouble they endured in attempting to correct Simpson's offender score. SAG at 2. We do not award civil damages in criminal cases based solely on a successful appeal.

## CONCLUSION

We hold that the sentencing court erred in calculating Simpson's offender score. Accordingly, Simpson's sentence is vacated, and we remand for resentencing consistent with the correct offender score of 8.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____

Worswick, J.

We concur:

_____

Maxa, A.C.J.

_____

Melnick, J.