IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35001-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CATHE L. McNEILL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Cathe McNeill appeals her sentence for delivery of a controlled substance. Because the sentence imposed by the court exceeded the applicable range set by the legislature, we reverse the sentence and remand for resentencing.

BACKGROUND

In November 2016, Ms. McNeill pleaded guilty to two counts of delivery of methamphetamine. The offense conduct dates were July 15 and 22, 2015. Ms. McNeill's

No. 35001-1-III
*State v. McNeill*

plea was pursuant to a plea agreement. Under the terms of the agreement, the State

agreed to dismiss three additional charges and to recommend a sentence of 60 months'

incarceration. The 60-month term was the low-end of the applicable range. At

sentencing, the trial court followed the State's recommendation, imposed a 60-month

sentence, and assessed $3,445 in mandatory and discretionary legal financial obligations

(LFOs), including a $1,000 fine.

At issue in this appeal are the terms of Ms. McNeil's plea agreement. Pursuant to

the agreement, Ms. McNeil stipulated that her offender score was seven. She also agreed

to the following statement of criminal history:

| | CRIME | DATE OF SENTENCE | SENTENCING COURT (County & State) | DATE OF CRIME | A or J Adult, Juv. | TYPE OF CRIME |
|---|---|---|---|---|---|---|
| 1 | Att. to Obtain a C.S. by Fraud | 04/10/06 | Asotin, WA | 12/02/05 | A | Drug |
| 2 | Att. to Obtain a C.S. by Fraud | 04/10/06 | Asotin, WA | 12/30/05 | A | Drug |
| 3 | Att. to Obtain a C.S. by Fraud | 04/10/06 | Asotin, WA | 01/27/06 | A | Drug |
| 4 | Att. to Obtain a C.S. by Fraud | 04/10/06 | Asotin, WA | 02/24/06 | A | Drug |
| 5 | Del. C.S. (Methadone)(60 months) | 12/05/06 | Asotin, WA | 10/05/06 | A | Drug |
| 6 | UPFA 2 | 12/05/06 | Asotin, WA | 07/31/06 | A | NV |

Clerk's Papers (CP) at 95.[1]

---

[1] The image above was taken from the criminal history that was included in Ms. McNeill's guilty plea statement.

2

Subsequent to sentencing, Ms. McNeill's appellate counsel obtained additional information regarding Ms. McNeill's criminal history. Through a declaration submitted under RAP 9.11, appellate counsel disclosed that Ms. McNeill was released from her December 5, 2006, sentence for delivery of methadone in May 2009.[2] The declaration also states Ms. McNeill had no criminal convictions between 2009 and December 1, 2016. The State does not challenge the accuracy of the information submitted by appellate counsel.

## ANALYSIS

*Incorrect offender score*

Ms. McNeill claims that, based on the post-conviction information obtained by appellate counsel, her offender score was miscalculated. She specifically argues that, at the time of her plea and sentencing in 2016, most of her prior convictions had washed out from her offender score pursuant to RCW 9.94A.525(2)(c). The State does not challenge the factual or legal accuracy of Ms. McNeill's offender score calculation. Instead, the State claims Ms. McNeill's plea agreement precludes her from challenging the offender score at this stage of the proceedings. Our review is de novo. *State v. Mutch*, 171 Wn.2d

---

[2] Ms. McNeill was granted leave to file the declaration by our court commissioner. A panel of this court denied the State's motion to revise the commissioner's ruling.

646, 653, 254 P.3d 803 (2011).

We begin by assessing whether, as assumed by the parties, Ms. McNeill's offender score was miscalculated. An offender score establishes the standard range term of confinement for a felony offense. *See* RCW 9.94A.525, .530(1). The sentencing court calculates an offender score by adding current offenses, prior convictions, and juvenile adjudications. RCW 9.94A.030(11), .525. A defendant's current convictions are each counted separately unless the court finds that some or all of the current offenses constitute the same criminal conduct. RCW 9.94A.589(1)(a). For nonviolent drug offenses, as here, a court counts one point for each prior adult felony conviction. RCW 9.94A.525(7),[3] (13); *see also* RCW 9.94A.030(34), (55). However, if a prior conviction is for a class C felony that is not a sex offense, and the offender has remained free of conviction for five consecutive years since last being released from confinement, the prior conviction washes out and is not counted toward the offender score. RCW 9.94A.525(2)(c).

Ms. McNeill stipulated that her criminal history was limited to six prior felonies. Her plea statement and the judgment and sentence both indicate Ms. McNeill was sentenced for her two most recent prior convictions on December 5, 2006. It is further

---

[3] The provisions of this subsection pertaining to juvenile offenses do not apply here. Ms. McNeill has no juvenile convictions.

noted that Ms. McNeill served 60 months for the controlled substance conviction, but there is no term of confinement included for the second degree unlawful possession of a firearm conviction. But second degree unlawful possession of a firearm is a class C felony. Former RCW 9.41.040(2)(b) (1995). The statutory maximum sentence for a class C felony is five years (60 months). RCW 9A.20.021(1)(c). Thus, Ms. McNeill could not have served more than 60 months on that conviction. Further, according to the declaration of appellate counsel, Ms. McNeill was last released from confinement in May 2009. Given the concurrent sentencing date between the controlled substance and second degree unlawful possession of a firearm convictions, it is apparent Ms. McNeill was released from confinement on both convictions in May 2009.

With this in mind, we agree with the parties that Ms. McNeill's offender score was miscalculated. Five of Ms. McNeill's six prior convictions are class C felonies. RCW 69.50.403(1)(c), (3) (attempt to obtain a controlled substance by fraud); former RCW 9.41.040(2)(b) (second degree unlawful possession of a firearm). The remaining conviction is a class B felony. RCW 69.50.401(2)(a) (delivery of a controlled substance, methadone).[4] Over five years elapsed between May 2009 and the date of Ms. McNeill's

---

[4] Methadone is a schedule II synthetic opiate, which is considered a narcotic drug under the statute. Former RCW 69.50.101(r)(2), .206(c)(14) (1993).

5

plea in 2016. Under RCW 9.94A.525(2)(c), Ms. McNeill's five prior class C felony convictions had washed out and should not have been counted toward her offender score. It appears the proper offender score is two, one point for a current offense, and one point for the prior delivery of a controlled substance offense. Ms. McNeill was sentenced to 60 months' confinement. But with this properly calculated offender score, the standard range for her current convictions is 12-20 months. RCW 9.94A.517, .518. Under the offender score used by the trial court, Ms. McNeill's standard range was 60-120 months. RCW 9.94A.517.

The State's argument on appeal is that Ms. McNeill has waived her challenge to the offender score by stipulating to her criminal history and offender score in the plea agreement. The problem with the State's position is that a defendant generally cannot waive a challenge to a miscalculated offender score. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 874, 50 P.3d 618 (2002). Waiver can be found in situations where the defendant agrees to incorrect facts. *Id*. But a defendant does not agree to incorrect facts merely by signing a plea agreement that contains an agreed offender score calculation and list of prior convictions. *Id.* at 874-76. Something more is needed, such as an explicit agreement as to when the defendant was released from custody or, at the very least, a specific agreement that the prior convictions had not washed out due to age. *Id.* at 874

6

("[W]aiver can be found where the alleged error involves an agreement to facts, later disputed, or where the alleged error involves a matter of trial court discretion."). *See also State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004) (Waiver occurred when defendants "affirmatively acknowledged at sentencing that their prior out-of-state and/or federal convictions were comparable to Washington State crimes."); *In re Pers. Restraint of Call*, 144 Wn.2d 315, 326, 28 P.3d 709 (2001) (There is no waiver when nothing is in the record to indicate the defendant understood he was electing to have prior convictions included in his offender score even though they technically washed out.); *State v. Huff,* 119 Wn. App. 367, 370-72, 80 P.3d 633 (2003) (An explicit stipulation that prior conviction had not washed out resulted in waiver.).

Here, Ms. McNeill did not stipulate to any facts that are inconsistent with her current claims regarding the washout of prior convictions. Contrary to the State's position, Ms. McNeill's plea paperwork did not set forth the period of incarceration for the 2006 methadone conviction. Instead, the agreed statement of criminal history merely indicated the total sentence was 60 months. At no point during the proceedings in trial court did Ms. McNeill indicate when the 60-month term began to run or when it ended. She is therefore not estopped from raising this claim now.

The State also claims it has relied to its detriment on Ms. McNeill's offender score agreement. The State points out that it could have pursued additional charges against Ms. McNeill had she not pleaded guilty, including a charge that would have precluded application of any washout provision. According to the State, Ms. McNeill should be estopped from pursuing a remedy, such as resentencing, that would prevent the State from renegotiating the terms of Ms. McNeill's plea.

We find no authority for the claim that Ms. McNeill's choice of litigation strategy should be dictated by the State's reliance interests. While Ms. McNeill could have raised her offender score concerns through a personal restraint petition or motion to withdraw her plea, she was not required to do so. *State v. Malone*, 138 Wn. App. 587, 593 & n.4, 157 P.3d 909 (2007) (A defendant who discovered post-plea that agreed prior convictions included washed out offenses was not limited in available remedies.). Our cases have consistently recognized that an incorrect offender score calculation can be raised on direct appeal. *See, e.g.*, *Goodwin*, 146 Wn.2d at 877 (Even "on direct appeal . . . the erroneous portion of a sentence in excess of the statutory authority must be reversed."); *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999) ("[I]llegal or erroneous sentences may be challenged for the first time on appeal."). The ability to seek relief on direct appeal is based on the court's "duty and power to correct an erroneous sentence upon its

discovery." *Call*, 144 Wn.2d at 334. We will not abdicate this responsibility simply because Ms. McNeill has other avenues of relief available.

The remedy for an incorrect offender score calculation is resentencing unless the record makes clear the trial court would have imposed the same sentence. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). Here, there are no facts indicating that the trial court would have imposed an exceptional sentence of 60 months, despite knowing the correct range was 12-20 months. Given this circumstance, resentencing is required.[5]

*LFOs*

For the first time on appeal, Ms. McNeill challenges the trial court's imposition of discretionary LFOs based on her inability to pay. We have discretion to review an unpreserved LFO challenge such as the one raised by Ms. McNeill. RAP 2.5(a). But because Ms. McNeill's case must be remanded for resentencing, we opt not to review the merits of Ms. McNeill's LFO challenge at this time. Instead, we direct the trial court on remand to make an individualized inquiry into Ms. McNeill's ability to pay pursuant to *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015) prior to imposition of any discretionary LFOs.

---

[5] We pass no judgment over whether, on remand, the State may be able to continue to pursue its recommended sentence of 60 months, based on the exceptional circumstance provision of RCW 9.94A.535(2)(d). Nothing in our opinion precludes this possibility.

CONCLUSION

We remand for full resentencing and reconsideration of discretionary LFOs.

Because Ms. McNeill is the prevailing party, her request to deny appellate costs is

granted.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____     _____
Lawrence-Berrey, C.J.                    Fearing, J.