# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48897-3-II |
| Respondent, | |
| v. | |
| BUD RICHARD FLOWERS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Bud Richard Flowers appeals his sentence for attempted first degree murder with a firearm enhancement and first degree unlawful possession of a firearm. Flowers argues that the resentencing court erred when it (1) admitted evidence about his vacated sentence during resentencing; and (2) found that his Utah burglary conviction constituted a prior crime for offender score purposes.

We hold that the resentencing court did not err when it (1) allowed the State to mention his vacated sentence because the rules of evidence do not apply to sentencing and the resentencing court did not rely on the vacated sentence in resentencing Flowers; and (2) found that his Utah burglary conviction constituted a prior crime for offender score purposes because it was factually comparable with the Washington burglary statute. Accordingly, we affirm.

FACTS

On November 3, 2015, we vacated Flowers's sentence and remanded this case for resentencing. We held that the trial court erred in calculating Flowers's offender score because the State's assertions of criminal history were unsupported. At resentencing, the State mentioned that the vacated sentence was for 471 months for attempted first degree murder with a firearm enhancement and 116 months for unlawful possession of a firearm, with both sentences to be served concurrently.

Flowers argued that his Utah burglary conviction was not comparable to a Washington burglary conviction, and therefore, the Utah burglary conviction should not be counted in his offender score. In response, the State presented the judgment and sentence, information with probable cause statement, and Flowers's statement of defendant (guilty plea) for the Utah conviction. Flowers's Utah plea statement stated that he "intentionally aided another to unlawfully enter or remain in the building of another with the intent to commit a theft"; that "at 168 E. 5900 S [i]n Salt Lake County [he] was present when [two others] entered the building of Dr. Weems [and] Dr. Crane with the intent to commit a theft"; that he had full knowledge of the activities of those he was aiding; and that he "aided in the commission of the offense by acting as a lookout." Clerk's Papers (CP) at 79.

The resentencing court found that the Utah conviction was comparable and counted towards Flowers's offender score. The court then resentenced Flowers to 471 months for the attempted first degree murder conviction with a firearm enhancement and 116 months for the first degree unlawful possession of a firearm conviction, to be served concurrently. Flowers appeals.

ANALYSIS

A.    STATEMENT ON PRIOR SENTENCE

Flowers argues that the resentencing court erred by allowing evidence of his vacated sentence because evidence of the vacated sentence was inadmissible under ER 403. We disagree.

The rules of evidence do not apply to sentencing. ER 1101(c)(3); *State v. Deskins*, 180 Wn.2d 68, 83, 322 P.3d 780 (2014). Furthermore, the State merely noted that the vacated sentence imposed a term of 471 months and 116 months, which was reflected in this court's opinion remanding the case.

Moreover, the record does not show that the resentencing court relied on the vacated sentence. Rather, the resentencing court ordered a sentence of 471 months because the "facts thoroughly support the top of the range." Verbatim Report of Proceedings (VRP) at 39. Thus, we hold that Flowers's claim fails.

B.    PRIOR CRIME AND OFFENDER SCORE

Flowers argues that the resentencing court erred when it found that his prior Utah burglary conviction constituted a prior crime for offender score purposes. We disagree.

1.    Legal Principles

A trial court's sentence following a conviction depends on a defendant's offender score, which is calculated based on the defendant's current offenses and prior convictions. RCW 9.94A.525, .530(1). We review the sentencing court's calculation of a defendant's offender score de novo. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187, *cert. denied*, 135 S. Ct. 287 (2014).

"Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). Washington has a two-part test for comparing out-of-state convictions. *Olsen*, 180 Wn.2d at 472. First, the court must determine if the crimes are legally comparable by comparing the elements of the out-of-state conviction to the elements of the relevant Washington crime. *Id.* If the other state's statute is identical to or narrower than the Washington statute, then the out-of-state conviction counts towards the defendant's offender score as if it were the Washington offense. *Id.* at 472-73. However, if the other state's statute is broader than the Washington statute, then the court determines factual comparability by looking at whether the defendant's conduct in the out-of-state conviction would have violated the comparable Washington statute. *Id.* at 473. In doing so, the sentencing court may "consider only facts that were admitted, stipulated to, or proved beyond a reasonable doubt." *Id.* at 473-74.

The State bears the burden to prove by a preponderance of evidence the existence and comparability of a defendant's prior out-of-state conviction. *State v. Collins*, 144 Wn. App. 547, 554, 182 P.3d 1016 (2008), *review denied,* 165 Wn.2d 1032 (2009). A preponderance of the evidence "means that considering all the evidence, the proposition asserted must be more probably true than not true." *State v. Otis*, 151 Wn. App. 572, 578, 213 P.3d 613 (2009).

In Utah, a person is guilty of burglary if he or she "enters or remains unlawfully in a building or any portion of a building with intent to commit" either a felony, theft, or assault on any person. UTAH CODE ANN. 76-6-202(1) (2012). A "'[b]uilding,' in addition to its ordinary

4

meaning, means any watercraft, aircraft, trailer, or other structure or vehicle adapted for overnight accommodation of persons or for carrying on business." UTAH CODE ANN. § 76-6-201(1)(a) (2008).

In Washington, a "person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully in a building other than a vehicle or a dwelling." RCW 9A.52.030(1). "'Premises' includes any building, dwelling, structure used for commercial aquaculture, or any real property." RCW 9A.52.010(3). Also, a person may be guilty of a crime committed by another if he or she is an accomplice—aiding the other person with knowledge that it will promote or facilitate the commission of the crime. RCW 9A.08.020.

2.      Factual Comparability Present

The parties agree that the Utah statute for burglary is broader than the Washington statute, due to their respective definitions of a building. And the challenge here is to the resentencing court's determination of factual comparability. Therefore, without deciding whether the Utah burglary statute is legally comparable to the Washington burglary statute, we consider whether Flowers's conduct in the Utah conviction would have violated the Washington burglary statute.

Washington's burglary statute requires an unlawful entry into a building with an intent to commit a crime against a person or property therein. RCW 9A.52.030(1). A person who aids in the commission of the crime may also be held liable. RCW 9A.08.020.

To prove that Flowers's conduct in the Utah conviction met the elements of the Washington burglary statute, the State presented Flowers's guilty plea. In the guilty plea, Flowers admitted

that he "intentionally aided another to unlawfully enter or remain in the building of another with the intent to commit a theft." CP at 79. Flowers also admitted that "at 168 E. 5900 S [i]n Salt Lake County [he] was present when [two others] entered the building of Dr. Weems [and] Dr. Crane with the intent to commit a theft"; that he fully knew about the activities of those he was aiding; and that he aided in the commission of the crime by acting as a lookout. CP at 79. These admissions show that Flowers aided two others in unlawfully entering the building of Dr. Weems and Dr. Crane with an intent to commit a theft therein. Flowers's conduct as an accomplice would have violated Washington's burglary statute.

Flowers argues that there is insufficient evidence to show that the building he helped the others unlawfully enter was not an aircraft or watercraft. However, Flowers admitted that his crime took place at the building of Dr. Weems and Dr. Crane, and he included the specific street address of the building.[1]

The preponderance of the evidence shows that Flowers's conduct in the Utah conviction would have constituted burglary in Washington; thus, factual comparability is established. Therefore, we hold that the resentencing court did not err.

---

[1] Flowers also argues that the date of the sentence on his Utah judgment and sentence was October 7, 1990, while the date of the crime was November 15, 1990. However, other than noting that it is impossible for him to be sentenced for a crime a month before it was committed, Flowers provides no argument or authority as to how this scrivener's error precludes the crime from being counted in his offender score. Therefore, this court need not address this argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

No. 48897-3-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.