# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| STATE OF WASHINGTON, | No. 52471-6-II |
|---|---|
| Respondent, | |
| v. | |
| JONATHAN CHRISTOPHER CONIGLIO, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Jonathan Coniglio appeals from the sentence imposed following his guilty plea to felony harassment, asserting that the trial court erred by (1) calculating his offender score based on an out-of-state conviction that was not legally or factually comparable to a Washington offense, (2) imposing certain discretionary legal financial obligations (LFOs), and (3) ordering interest to accrue on his LFOs. The State concedes that the trial court erred by including Coniglio's out-of-state conviction in its offender score calculation. We accept the State's concession and remand for resentencing to recalculate Coniglio's offender score. We also remand for the trial court to strike the LFO interest provision and to reconsider the imposition of LFOs in light of statutory amendments to the LFO statutes.

## FACTS

Coniglio pleaded guilty to felony harassment based on threats to kill. At sentencing, the parties disputed whether Coniglio's prior Arkansas conviction for aggravated assault upon a certified law officer should be included in his offender score calculation. The State conceded

that the Arkansas offense was not legally comparable to a Washington offense but argued that it was factually comparable to third degree assault.

In support of its argument that Coniglio's Arkansas offense was factually comparable to third degree assault, the State presented certified copies of the Arkansas charging document, sentencing order, and a document titled "Prosecutor's Short Report of Circumstances." Clerk's Papers (CP) at 14. The Arkansas prosecutor's report was not signed by Coniglio or his defense counsel and contains the following handwritten statement, "Def. then spat on Officer [who] arrested him." CP at 14. The State argued that the handwritten statement showed that Coniglio's Arkansas offense was factually comparable to third degree assault. Defense counsel argued that the trial court should not consider the statement contained in the Arkansas prosecutor's report because Coniglio did not admit or stipulate to the factual statement and because the factual statement was not proven beyond a reasonable doubt.

The trial court noted that the statement was not a stipulation or admission but instead appeared to be a finding of the Arkansas court. The trial court found that Coniglio "intentionally spat on the individual [who] arrested him" based on the statement. Report of Proceedings (RP) at 43. From this finding, the trial court concluded that the Arkansas offense was factually comparable to third degree assault and calculated Coniglio's offender score as 1.

The State requested the trial court to impose LFOs that included a $200 criminal filing fee and $500 court-appointed counsel fee. The trial court asked Coniglio about his finances and work history. Coniglio said that he grew up working in steel mills and oil fields. The following exchange then took place:

> [Trial court]: Okay. When's the last time you worked full-time?

> [Coniglio]: The last time—I get disability, but the last time was 2014—2015.
>
> [Trial court]: And the disability, is it social security disability?
>
> [Coniglio]: Yes, Your Honor.
>
> [Trial court]: Are you a hundred percent disabled?
>
> [Coniglio]: Um, I can work too but I have a severe mental disability and I have a hard time controlling what I say.
>
> [Trial court]: Okay, but in terms of what social security pays though, did they find you're 50 percent disabled, 100 percent disabled; do you know?
>
> [Coniglio]: I get only $500 a month and I can work, I make $2000 a month on.

RP at 47-48. Coniglio also told the trial court that he has a temporary service day laborer job waiting for him in Cheyenne, Wyoming. Coniglio said that he did not have any child support obligations or outstanding legal financial obligations. The trial court imposed the State's requested LFOs. Coniglio's judgment and sentence contains a provision providing that his LFOs "shall bear interest from the date of the judgment until payment in full, at the rate applicable to civil judgments." CP at 23. Coniglio appeals from his sentence.

## ANALYSIS

### I. COMPARABILITY OF PRIOR ARKANSAS OFFENSE

Coniglio first contends that the trial court erred by including his prior Arkansas offense in its offender score calculation because the offense was not legally comparable to a Washington offense and because the State failed to prove that his conduct forming the basis for the Arkansas offense was factually comparable to a Washington offense. The State concedes error and we accept the State's concession.

We review a trial court's offender score calculation de novo. *State v. Olsen*, 180 Wn.2d 468, 472, 325 P.3d 187 (2014). Under RCW 9.94A.525(3), "Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences

3

provided by Washington law." The State has the burden to prove by a preponderance of the evidence the existence and comparability of a defendant's out-of-state convictions. *State v. Collins*, 144 Wn. App. 547, 554, 182 P.3d 1016 (2008).

To determine comparability of offenses, the trial court must first determine if the crimes are legally comparable. *Olsen*, 180 Wn.2d at 472. If the crimes are not legally comparable, the trial court then determines whether the crimes are factually comparable. *Olsen*, 180 Wn.2d at 473. To determine factual comparability, the court looks at whether the defendant's conduct underlying the out-of-state conviction would have constituted a crime in Washington. *Olsen*, 180 Wn.2d at 473. In determining factual comparability, the trial court may "consider only facts that were admitted, stipulated to, or proved beyond a reasonable doubt." *Olsen*, 180 Wn.2d at 473-74.

Here, the parties agreed at sentencing that Coniglio's Arkansas conviction for aggravated assault upon a certified law officer was not legally comparable to a Washington offense. We therefore turn to whether the trial court erred by finding that Coniglio's conduct underlying his conviction for the Arkansas offense was factually comparable to third degree assault.

The State concedes that the trial court erred by finding the offenses comparable because it considered facts that were not admitted, stipulated, or proved beyond a reasonable doubt. We agree.

Here, in finding that Coniglio's Arkansas conviction was factually comparable to third degree assault, the trial court relied on a statement in the Arkansas prosecutor's report that Coniglio "spat on Officer [who] arrested him." CP at 14. But, as the State appropriately concedes on appeal, it did not present evidence that Coniglio had admitted or stipulated to this

factual statement, and it did not present evidence that this factual statement was proved beyond a reasonable doubt. Accordingly, the trial court's reliance on the statement was improper and did not support its factual comparability determination.

The State asserts that the appropriate remedy is to remand for resentencing at which it may present additional evidence to support a factual comparability determination. We agree.

RCW 9.94A.530(2) provides in relevant part, "On remand for resentencing following appeal or collateral attack, the parties shall have the opportunity to present and the court to consider all relevant evidence regarding criminal history, including criminal history not previously presented." *See also State v. Jones*, 182 Wn.2d 1, 10-11, 338 P.3d 278 (2014) (Because the "no second chance" rule was rooted in judicial economy rather than due process concerns, legislature had authority to enact the statutory remand provision of RCW 9.94A.530(2)). Accordingly, at resentencing the State may present additional evidence that Coniglio's prior Arkansas conviction was factually comparable to a Washington offense.

## II. LFOs

Next, Coniglio contends that on remand the trial court should be required to strike the criminal filing fee, court-appointed counsel fee, and LFO interest provision from his judgment and sentence. We agree that the LFO interest provision should be stricken from Coniglio's judgment and sentence.

In 2018, our legislature amended former RCW 36.18.020(h) to prohibit the imposition of a criminal filing fee if a defendant is indigent as defined in RCW 10.101.010(3)(a)-(c). LAWS OF 2018, ch. 269, §17. The legislature also amended former RCW 10.01.160 to prohibit the imposition of discretionary costs on indigent defendants, including costs for court-appointed

counsel. LAWS OF 2018, ch. 269, §6; *State v. Smith*, 9 Wn. App. 2d 122, 127, 442 P.3d 265 (2019). And former RCW 10.82.090 (2015) was amended to prohibit interest accrual on nonrestitution LFOs. LAWS OF 2018, ch. 269, §1. Our Supreme Court has held that these amendments apply to cases pending on direct review that were not final when the amendments were enacted. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The 2018 amendments apply here because this case was not final when the amendments took effect.

Coniglio asserts that the imposition of the criminal filing fee and court-appointed counsel fee was improper because the trial court found him indigent for purposes of appeal. But the record does not reveal whether the trial court found Coniglio indigent under the specific subsections that apply to prohibit the imposition of the criminal filing fee and court-appointed counsel fee, RCW 10.101.010(3)(a) through (c), or whether it found him indigent only under RCW 10.101.010(d).

The State argues that remand for a determination of whether Coniglio qualifies as indigent under the relevant provisions of RCW 10.101.010(3) is not warranted because the record does not support a finding of indigency under those provisions. In support of this argument, the State asserts that Coniglio told the trial court that he stopped receiving social security disability benefits in 2014 or 2015. But the State reads Coniglio's statement, "The last time—I get disability, but the last time was 2014—2015" out of context. RP at 47. Coniglio's statement was in response to the trial court's question of when was the last time he had worked full time. The State also ignores Coniglio's later statement that he presently receives $500 a month in social security benefits.

No. 52471-6-II

Accordingly, on remand the trial court must reconsider imposition of the criminal filing fee and court-appointed counsel fee under the current statutes governing the imposition of LFOs on indigent defendants. Because the amendment to RCW 10.82.090 prohibiting interest accrual on nonrestitution LFOs applies regardless of whether a defendant is indigent, on remand the trial court must strike this provision.

We remand for resentencing. On remand, the trial court must recalculate Coniglio's offender score, strike the LFO interest provision, and reconsider the LFOs consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Glasgow, J.

_____
Cruser, J.

7