IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53122-4-II |
| Respondent, | |
| v. | |
| CHRISTOPHER DANIEL HOLT, JR., | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Christopher Holt, Jr., who was a juvenile when he committed his crime, pleaded guilty in adult court to one count of second-degree murder in December, 2008. Holt agreed to be sentenced to 216 months confinement as part of a plea agreement. The trial court followed the jointly-agreed sentencing recommendation, and sentenced him to 216 months. Nine years later, following our Supreme Court's decision in *Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which requires adult courts to consider qualities of youth at sentencing when the defendant committed the crime as a juvenile, Holt filed a CrR 7.8 motion for relief from judgment. The trial court denied Holt's motion instead of transferring to this court as a personal restraint petition (PRP).

Holt now appeals the trial court's denial of this motion, arguing that the trial court abused its discretion when it refused to conduct a resentencing hearing and allow him to present witness testimony regarding his youthfulness. The State argues that Holt's CrR 7.8 motion was untimely, because the rule announced in *Houston-Sconiers* is not material to Holt's case. After

the parties submitted their briefs, our Supreme Court decided *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).[1] Holt now additionally argues that he must be resentenced because a conviction on his criminal history is now void under *Blake.*

We hold that the trial court erred by not transferring Holt's case to this court as a PRP, and we convert this matter for consideration as a PRP. We further hold that under Holt's *Houston-Sconiers* argument, he is not entitled to a resentencing hearing that includes witness testimony advocating for a lesser sentence than he agreed to absent a showing that he would not have pleaded guilty had he been properly informed of his rights. However, Holt is entitled to be resentenced with a correct offender score under *Blake*. We grant Holt's PRP and remand to the trial court for further proceedings consistent with this opinion.

FACTS

I. CRIME AND PLEA AGREEMENT

In March, 2008, the State charged Holt with two counts of first- and second-degree felony murder for his role as an accomplice in an invasion-style armed robbery that resulted in a homicide. Both counts included firearm sentencing enhancements. Holt was 17 years old at the time of the crimes. His offender score at the time was 1. Under the original charges, Holt faced a sentencing range of 250 to 333 months plus 60 months for the firearm enhancement, for a total of 310 to 393 months.

Holt and the State negotiated a plea agreement to amend his charges to one count of second-degree murder without a firearm sentencing enhancement. The standard range for the

---

[1] *Blake* held that Washington's strict liability drug possession statute was unconstitutional. 197 Wn.2d at 186.

amended charges, was 134 to 234 months. Holt agreed to a specific sentencing recommendation of 216 months as part of the plea agreement. In December 2008, Holt pleaded guilty to the amended charge in accordance with his plea agreement. The trial court accepted Holt's plea and sentenced him to the agreed-upon 216 months confinement.

## II. POSTCONVICTION PROCEDURE

In 2017, our Supreme Court decided *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which requires adult courts to consider qualities of youth at sentencing when the defendant committed the crime as a juvenile. Later that year, Holt filed a CrR 7.8 motion for relief from judgment and for resentencing, arguing that *Houston-Sconiers* was a significant change in the law that was material to his case and applied retroactively, and was thus not time barred under RCW 10.73.100(6). Although Holt cited only CrR 7.8 generally, he quoted CrR 7.8(b)(5), stating, "CrR 7.8 permits this Court to vacate Holt's judgment for any 'reason justifying relief from the operation of the judgment.'" Clerk's Papers (CP) 46. Holt asked the trial court to schedule a show cause hearing under CrR 7.8(c)(3) and *State v. Robinson*, 193 Wn. App. 215, 218, 374 P.3d 175 (2016).

In July, 2018, the trial court denied Holt's motion, and on July 3 ordered that the petition be transferred to us as a personal restraint petition (PRP). Because this order did not comply with CrR 7.8, we rejected the trial court's transfer order and remanded the case for further action explaining that "[t]he superior court cannot deny a CrR 7.8 *and* transfer that motion to this court for consideration as a personal restraint petition under CrR 7.8(c)(2)." CP 72-73. We instructed the trial court that if it "intended to transfer the motion to this court under CrR 7.8(c)(2), it must

vacate the July 3, 2018 order and issue a proper transfer order that includes the findings required under *State v. Smith*, 144 Wn. App. 860 (2008), and CrR 7.8(c)(2)." CP 72.

In October, 2018, the State filed a motion asking the trial court to follow our remand instructions, vacate its July 3 order, and transfer the case to us as a PRP. But instead, the trial court entered a scheduling order setting the matter for "re-sentencing." The parties filed pleadings arguing for and against a change in sentence at the anticipated sentencing hearing.

In January, 2019, the trial court held a hearing. At the hearing, the trial court informed the parties that the hearing was actually a "show cause to determine whether resentencing should be scheduled." 2 Verbatim Tr. of Proceedings at 3. Holt argued that he was entitled to be resentenced, but specifically stated that he was not requesting a lesser sentence, and was again recommending he be sentenced to 216 months. However, he sought a resentencing hearing in which he could present evidence regarding his youthfulness. The trial court refused to set a resentencing hearing, ruling that Holt's presentment of evidence would breach the plea agreement and was prohibited by *State v. Sledge*, 133 Wn.2d 828, 947 P.2d 1199 (1997).[2]

The trial court did not hold an evidentiary hearing, but nonetheless entered findings of fact and conclusions of law on the merits of Holt's argument. The trial court made no

---

[2] *Sledge* held that the State was in breach of a plea agreement when it offered evidence to support aggravating factors despite a joint sentencing recommendation within the standard range. 133 Wn.2d at 843.

determinations under CrR 7.8(c)(2) as to whether Holt's motion was barred by RCW 10.73.090 or whether Holt had made a substantial showing that he was entitled to relief.[3]

Holt appealed the trial court's order denying his CrR 7.8 motion for relief from judgment. Subsequent to the parties filing their briefs, our Supreme Court decided two cases discussing retroactivity and materiality of the *Houston-Sconiers*' rule.[4] At our request, the parties submitted supplemental briefs.

After the supplemental briefs were filed, our Supreme Court decided *State v. Blake*. 197 Wn.2d 170, 481 P.3d 521 (2021). Holt then filed a second supplemental brief, arguing that he is entitled to be resentenced in light of *Blake*. Second Supp. Br. of Appellant at 5. Holt argues his criminal history stipulated to as part of his plea contained two convictions for unlawful possession of a controlled substance that added two one-half points to his offender score, and thus, his case must be remanded for resentencing with an offender score of zero. Second Supp. Br. of Appellant at 1. The State concedes that Holt's prior drug possession conviction must be vacated and that Holt must be resentenced with a correct offender score. Resp. to Appellant's Second Supp. Br. at 3.

---

[3] CrR 7.8(c)(2) provides that the superior court must transfer the motion to the Court of Appeals for consideration as a PRP unless the court determines that the motion is timely filed and either (a) the defendant has made a substantial showing that he is entitled to relief or (b) the motion cannot be resolved without a factual hearing.

[4] *In the Matter of the Pers. Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020); *In the Matter of the Pers. Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020).

## ANALYSIS

### I. CrR 7.8 Motion Converted to Personal Restraint Petition

A CrR 7.8 motion for relief from judgment is a collateral attack, subject to statutory time limitations. RCW 10.73.090(1), (2). A CrR 7.8 motion must be brought within one year of judgment becoming final unless one of the exceptions specified in RCW 10.73.100 applies. One such exception is that there has been a significant, retroactive change in the law that is material to the conviction. RCW 10.73.100(6).

A trial court does not have authority to rule on a CrR 7.8 motion in all circumstances. CrR 7.8(c)(2) provides: substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require

> The court *shall transfer* a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by RCW 10.73.090 and either (i) the defendant has made a substantial showing that he or she is entitled to relief or (ii) resolution of the motion will require a factual hearing.

CrR 7.8(c)(2). (Emphasis added).

The trial court here did not transfer this case to us. Nor did it determine that the motion was timely filed, that Holt made a substantial showing that he was entitled either to relief or that the motion could not be resolved without a factual hearing. Instead, the trial court again denied Holt's motion.

This court has the authority to convert this appeal to a PRP, although it recognizes that such a conversion may infringe on a defendant's right to choose whether he wanted to pursue a PRP. *State v. Smith*, 144 Wn. App. 860, 864, 184 P.3d 666 (2008). Indeed, this court previously declined to convert Holt's prior appeal to a PRP for just such a reason.

In the interest of judicial economy, we now convert this case to a PRP, and consider Holt's arguments under the applicable standards of review. To be entitled to relief under this standard, Holt must demonstrate constitutional error that resulted in actual and substantial prejudice and that there are no other adequate remedies available. RAP 16.4; *Domingo-Cornelio*, 196 Wn.2d at 266.

A collateral attack on a sentence must not be "filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." RCW 10.73.090(1). A petitioner can overcome the one-year time bar under RCW 10.73.100(6) when a petition is based on a significant change in the law, which is material to the conviction or sentence, and sufficient reason exists for requiring retroactive application of the change in the law. *Ali*, 196 Wn.2d at 233.

Holt's motion was filed more than one year after his judgment became final. The parties agree that *Houston-Sconiers* was a significant change in the law, but dispute whether the change is material to Holt's case.

## II. SIGNIFICANT CHANGE IN THE LAW MATERIAL TO THE SENTENCE

The State concedes that *Houston-Sconiers* is a significant change in the law, but argues that *Houston-Sconiers* is not material to Holt's case because Holt agreed to a specific sentence. Holt argues that *Houston-Sconiers* is material and requires the trial court to resentence him and consider extrinsic evidence of his youthfulness. We hold that *Houston-Sconiers* is material to Holt's case, but because Holt's plea agreement was based on an agreement to a specific sentence, he must first elect to withdraw his plea should he seek an exceptional sentence under *Houston-Sconiers*.

7

A.      Houston-Sconiers, Ali, *and* Domingo-Cornelio

*Houston-Sconiers* held that the Eighth Amendment requires trial courts to "consider

mitigating qualities of youth at sentencing" and that they have discretion "to impose any

sentence below the otherwise applicable SRA range and/or sentence enhancements."  188 Wn.2d

at 20-21.

In *Houston-Sconiers*, two petitioners were convicted in adult court on numerous felonies

committed as children.  188 Wn.2d at 12.  At sentencing, the trial court heard mitigating

testimony about each petitioner's traumatic childhood, but then erroneously concluded that it

was "[unable] to exercise greater discretion over the sentences imposed."  188 Wn.2d at 13.

Because of firearm enhancements, the trial court imposed lengthy sentences without the

possibility of early release, which the court reasoned it was compelled to do.  188 Wn.2d at 13,

21-22.  Invoking *Miller v. Alabama*,[5] our Supreme Court reversed and remanded for

resentencing.  188 Wn.2d at 21.  Our Supreme Court held that trial courts had a positive duty

under the Eighth Amendment to consider mitigating factors of a defendant's youthfulness during

sentencing in adult court and had "absolute discretion" to depart downward from standard

sentencing ranges for offenses the defendant committed as a juvenile.  188 Wn.2d at 9.

After *Houston-Sconiers* was decided, our Supreme Court decided *In the Matter of the*

*Pers. Restraint of Ali*,  and *In the Matter of the Pers. Restraint of Domingo-Cornelio*, two

---

[5] 567 U.S. 460, 471, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (holding that children are
constitutionally different from adults for purposes of sentencing, are less deserving of the most
severe punishments, lack maturity and a developed sense of responsibility, are more vulnerable
to negative influence and outside pressures, and lack the ability to extricate themselves from
horrific, crime-producing settings.)

companion cases holding that *Houston-Sconiers* was a significant change in the law requiring

retroactive application.[6]  Both defendants had been convicted after jury trials.  *Ali*, 196 Wn.2d at

226; *Domingo-Cornelio*, 196 Wn.2d at 259.  In each case, the defendant was sentenced in adult

court to a standard-range sentence for crimes committed as juveniles, but neither sentencing

court considered mitigating circumstances of youth when exercising its absolute discretion  for

an exceptional sentence downward under *Houston-Sconiers*.  *Ali*, 196 Wn.2d at 227-29;

*Domingo-Cornelio*, 196 Wn.2d at 259-62.

In *Ali*, the trial court heard testimony and argument regarding Ali's youthfulness at

sentencing as justification for an exceptional sentence downward, but the trial court erroneously

ruled that it had no discretion to impose such a sentence based on youthfulness.  *Ali*, 196 Wn.2d

at 228-29.

Our Supreme Court held that the rule in *Houston-Sconiers* requiring sentencing courts to

consider the mitigating qualities of youth was a new, substantive constitutional rule, and this rule

must be applied retroactively on collateral review.  *Ali*, 196 Wn.2d at 247.  The court also

discussed materiality in the context of youths who are sentenced in adult court.  *Ali*, 196 Wn.2d

at 234-36.

The State in *Ali* argued that *Houston-Sconiers* was material only to effective life

sentences, but that argument failed.  *Ali*, 196 Wn.2d at 235-36.  Our Supreme Court held that

*Houston-Sconiers* was material because Ali "was sentenced as an adult under the SRA for crimes

he committed as a child," and because the sentencing court believed it had no discretion to

sentence below the statutory minimum sentence.  *Ali*, 196 Wn.2d at 235-36.

---

[6] *Houston-Sconiers*, 188 Wn.2d at n.4.

In *Domingo-Cornelio*, the trial court did not consider arguments for a below standard range sentence, but did grant defendant's request for the low-end sentence. *Domingo-Cornelio*, 196 Wn.2d at 260. Again, the State challenged materiality on the basis that Domingo-Cornelio was not sentenced to any weapon enhancements and did not receive a *de facto* life sentence. *Domingo-Cornelio*, 196 Wn.2d at 264-65. Our Supreme Court again rejected the State's argument, echoed its reasoning from *Ali* and held that *Houston-Sconiers* was material to Domingo-Cornelio's sentence because *Houston-Sconiers* "applie[s] equally to any otherwise applicable SRA range or enhancement." *Domingo-Cornelio*, 196 Wn.2d at 264-65.

*Domingo-Cornelio* made clear that a sentencing court must "meaningfully consider youth" when a defendant is "sentenced to a standard adult range under the SRA for crimes he committed as a child." *Domingo-Cornelio*, 196 Wn.2d at 269 (*citing Houston-Sconiers*, 188 Wn.2d at 21).

B.     *Material to the Sentence*

The one-year time limit to file a collateral attack does not apply where a significant change in the law is material to the petitioner's sentence. RCW 10.73.100(6). In other words, the change must affect a materially determinative issue. *Ali*, 196 Wn.2d at 234-35. Our Supreme Court has made clear that the Eighth Amendment to the United States Constitution requires trial courts to exercise discretion to consider the mitigating qualities of youth at sentencing in order to protect the substantive constitutional guaranty of punishment proportionate to culpability. *Domingo-Cornelio*, 196 Wn.2d at 266.

Moreover, the trial court is not bound by a plea agreement. *State v. Wakefield*, 130 Wn.2d 464, 474, 925 P.2d 183 (1996); RCW 9.94A.431 ("The sentencing judge is not bound by any recommendations contained in an allowed plea agreement.").

Here, Holt agreed to a sentence of 216 months confinement. But this does not mean that Holt waived his Eighth Amendment rights, or that the trial court was relieved of its obligation to consider mitigating circumstances of his youth. Holt received a sentence that implicates *Houston-Sconiers* because "the change in the law is material to adult standard range sentences imposed for crimes the defendant committed as a child." *Domingo-Cornelio*, 196 Wn.2d at 2665. Holt was sentenced to an adult standard range sentence for crimes committed as a child. Thus, the rule in *Houston-Sconiers* is material to his case.

C. *Remedy*

Holt argues that his remedy under *Houston-Sconiers* is to be resentenced at a hearing in which he is allowed to present witness testimony and other evidence of his youth and his post-conviction behavior. We disagree and hold that Holt's remedy under *Houston-Sconiers* would be to withdraw his plea upon a showing that he would not have pleaded guilty if he had been properly informed of his rights.

Plea agreements are contracts between the state and the defendant. *Sledge*, 133 Wn.2d at 838-39. Because they concern fundamental rights of a defendant, constitutional due process requires a prosecutor to adhere to the terms of the agreement. 133 Wn.2d at 839. When prosecutors have agreed to a sentencing recommendation, they have a good faith duty not to undercut or circumvent the terms of the agreement either explicitly or by conduct. 133 Wn.2d at 840.

11

Defendants are also bound by the terms of a plea agreement. *In re Pers. Restraint Pet. of Breedlove*, 138 Wn.2d 298, 307, 979 P.2d 417 (1999). *See also, State v. Collins*, 144 Wn. App. 547, 556, 182 P.3d 1016 (2008) (holding that a defendant breached the plea agreement by contesting comparability of out-of-state convictions.). A breaching party is no longer entitled to the benefit of a plea bargain when it fails to adhere to the bargained-for recommendation because such conduct eliminates the basis for the bargain struck. *State v. Carreno-Maldonado*, 135 Wn. App. 77, 88, 143 P.3d 343 (2006).

Where the parties agree to a sentence that is contrary to law, the defendant may elect to withdraw his plea. *State v. Barber*, 170 Wn.2d 854, 873, 248 P.3d 494 (2011).[7] Where a defendant has shown a significant change in the law that is both retroactive and material to his case, and where the defendant shows that had he been properly informed of his rights he would not have pleaded guilty, then the defendant is entitled to withdraw his plea. *In the Matter of Pers. Restraint of Garcia-Mendoza*, 196 Wn.2d 836, 847, 479 P.3d 674 (2021).

In *Garcia-Mendoza*, a defendant sought to withdraw his plea because he was not advised of the immigration consequences of his plea. 196 Wn.2d at 842. Our Supreme Court determined that the new rule was a significant change in the law that applied retroactively, and remanded the case for a reference hearing to determine whether the defendant could make a showing that he would not have pleaded guilty had he known the consequences of his plea. 196 Wn.2d at 847.

Here, both the State and Holt agreed to a 216 month sentence. In an apparent acknowledgement that he is bound by his plea agreement, Holt insists that he was not arguing for

---

[7] Specific performance is a remedy intended to address the State's breach of a plea agreement and is inappropriate in cases of mutual-mistake. *Barber*, 170 Wn.2d at 873.

a lesser sentence. He claims he would, after presenting evidence, argue that he should again be sentenced to 216 months of confinement. But this position is similar to the prosecutor's argument in *Sledge*.

In *Sledge*, the defendant and the State came to an agreed disposition recommendation. 133 Wn.2d at 831. At the disposition hearing, although the prosecutor informed the trial court it was recommending the standard range confinement, the prosecutor nonetheless vigorously examined a probation counselor and a parole officer, and then gave a summation detailing aggravating factors. *Sledge*, 133 Wn.2d at 834-38. Our Supreme Court held that the State violated the plea agreement by undercutting its recommended standard range disposition. 133 Wn.2d at 843.

Here, allowing Holt to introduce evidence of mitigating circumstances of his youth in a resentencing would undermine the agreed upon sentencing recommendation in the same way. Moreover, it raises the issue of whether the State would be allowed to respond under the terms of the agreement. At a hearing such as the one Holt envisions, the State may be entitled to present evidence of aggravating circumstances in response to Holt's evidence of mitigating evidence. This is clearly not in line with the plea agreement where the parties agreed to recommend a sentence of 216 months.

Rather, for Holt to obtain his desired remedy, he must first elect to withdraw his plea. If Holt elected to do so, he would be required to make a showing that he would not have pleaded

guilty had he been advised of his Eighth Amendment rights at issue here.[8] Once the parties are released from their obligations to adhere to the bargained-for recommended sentence, they could proceed under the correct understanding of their rights and obligations under *Houston-Sconiers*. However, as discussed below, Holt is entitled to be resentenced in any event because of an incorrect offender score.

### III. BLAKE MOTION

After the supplemental briefs were filed, our Supreme Court decided *State v. Blake*. 197 Wn.2d 170, 481 P.3d 521 (2021). Holt now argues that he is entitled to be resentenced in light of *Blake*.

When a defendant is sentenced under an incorrect offender score, the remedy is to resentence the defendant under the correct offender score. *State v. Wilson*, 170 Wn.2d 682, 685, 244 P.3d 950 (2010). This is so even when the defendant agreed to a plea deal that was based on the incorrect score. 170 Wn.2d at 686.

In *Wilson*, the State argued that the only remedy available to Wilson, who had pleaded guilty based on an agreed but incorrect offender score, was to withdraw the guilty plea. Our Supreme Court disagreed, and remanded the case for resentencing. 170 Wn.2d at 686, 690.

We agree that Holt, who was sentenced under an incorrect offender score, is likewise entitled to be resentenced under *Blake*. In light of *Houston-Sconiers*' rule requiring sentencing courts to meaningfully consider the mitigating qualities of youth whenever a defendant is

---

[8] A motion to withdraw a plea after judgment has been entered is a collateral attack requiring a showing of actual and substantial prejudice; prejudice at the guilty plea stage means "the defendant would more likely than not have refused to plead guilty and would have insisted on going to trial." *State v. Buckman*, 190 Wn.2d 51, 65, 409 P.3d 193 (2018).

sentenced to a standard range under the SRA for crimes committed as a child, we leave to the trial court the method by which it will fulfill its obligation under the Eighth Amendment.[9]

We grant Holt's PRP and remand for resentencing under *Blake* in a manner consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

I concur:

Sutton, J.

---

[9] Holt also argues that he should not be subject to costs of community custody because such a fee is discretionary and subject to an ability to pay inquiry. Br. of App. at 24. Because Holt will be resentenced, we do not address this argument.

CRUSER, J. (concurring)—Holt was originally charged with one count of murder in the first degree with a firearm enhancement and one count of murder in the second degree with a firearm enhancement. If convicted on these charges, Holt faced a standard sentence range of 250-333 months, with an additional 60 months based on the firearm enhancement. Holt entered into a plea agreement with the State in which the State amended the information to a single count of murder in the second degree (without a firearm enhancement) in exchange for Holt's agreement to a sentence of 216 months of total confinement.

The personal restraint petition in this case began as a CrR 7.8 motion to the trial court. Holt's motion to the trial court contained one claim for relief. He sought a new sentencing hearing in which he would be able to present evidence to the court regarding the impact of his youth on his crime; evidence that would demonstrate to the trial court that it should consider his youth at the time of his crime as a mitigating factor in his sentence. Following his proposed mitigation hearing, he sought to be resentenced.

In response, the State contended that if Holt sought a different sentence than the one he expressly agreed to as part of his plea agreement, the State would seek a ruling that he was in breach of his plea agreement. Seeking to avoid this outcome, Holt responded that he did *not* plan to seek a different sentence than the one he expressly agreed to.[10] That is, Holt asked the court to re-impose the *same sentence* he already had. The trial court held that the only purpose of an

---

[10] This assertion by Holt strains credulity. As part of his CrR 7.8 motion, he submitted a letter to the trial court from his wife Rebecca in which she asked the trial court to change Holt's sentence. She said, "I ask that you please let him come home to his wife and his kids." Clerk's Papers at 100. Holt himself, in his letter to the trial court, suggested that he expected he might receive a different sentence when he said "*And even if* I must finish my remaining 7 years . . . " *Id.* at 97 (emphasis added).

evidentiary hearing with Holt's proposed witnesses would be to undercut the plea agreement. The trial court further held that the plea agreement was a valid contract between the parties and, significantly, neither party was attacking the validity of the plea agreement.[11] The trial court therefore denied Holt's motion.

In his appeal of that decision, which has now been converted to a personal restraint petition, Holt again contends that he is entitled to a new sentencing hearing where he will present mitigating evidence regarding the impact of his youth on his crime and will ask that it be taken into consideration in the imposition of his sentence.

I would hold that under the unique facts of this case, Holt is not entitled to such relief because he has not demonstrated that he suffered actual and substantial prejudice from the trial court's decision.

In a personal restraint petition, the petitioner must demonstrate both error and prejudice. *In re Pers. Restraint of Tricomo*, 13 Wn. App. 2d 223, 232, 463 P.3d 760 (2020). A petitioner alleging constitutional error has the threshold, prima facie burden of showing by a preponderance of the evidence that he was actually and substantially prejudiced by the alleged error. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004). Specifically, the petitioner must show that the outcome of the proceeding would more likely than not have been different were it not for the occurrence of the alleged error. *In re Pers. Restraint of Meippen*, 193 Wn.2d 310, 315-16, 440 P.3d 978 (2019).

---

[11] On this point, it must be emphasized that Holt has not sought to withdraw his plea on the ground that his plea was involuntary based on his lack of awareness that he could argue the mitigating factor of youth to the trial court as a basis for a sentence below the standard range. Rather, he seeks a new sentencing hearing where, according to him, he will again ask the trial court to impose the *same sentence* he originally received.

Because Holt, in an effort to avoid a potential finding of breach and the evaporation of a very favorable plea agreement, has steadfastly maintained that he is *not* seeking a different sentence than the one he expressly agreed to, he effectively seeks no affirmative relief as to this claim of error and he has, therefore, not shown that the trial court would have changed his sentence had the trial court held an evidentiary hearing on the mitigating factor of his youth. Therefore, Holt has not shown, in this personal restraint petition, that he suffered actual and substantial prejudice from the trial court's failure to consider his youth as a mitigating factor at sentencing. The only prejudice he has shown relates solely to his offender score as a result of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

While this case has been pending in our court, our supreme court issued *Blake*, which requires correction of Holt's offender score. *See* majority at 14. Holt was sentenced with an offender score of 1, which carried a standard range of 134-234 months. The State and Holt both agree that he is entitled to an offender score of 0, with a standard range of 123-220 months. I agree with the majority that Holt's case must be remanded due to his erroneous offender score.

Notably, the sentence that Holt expressly agreed to in his plea agreement falls within both of these ranges. I point this out because the majority's remand instructions are, in my view, unclear. The majority states:

> In light of *Houston-Sconiers*' rule requiring sentencing courts to meaningfully consider the mitigating qualities of youth whenever a defendant is sentenced to a standard range under the SRA for crimes committed as a child, we leave to the trial court the method by which it will fulfil its obligation under the Eighth Amendment.

*Id.*

If, by this statement, the majority is suggesting that the trial court must afford Holt the evidentiary hearing he sought in his original motion, I disagree. Under the unique circumstances

of this case, Holt is not entitled to an evidentiary mitigation hearing because he has not shown either error by the trial court or actual and substantial prejudice. At the hearing below, Holt got from the trial court precisely what he asked for: the sentence he bargained for in his plea agreement.[12]

I agree with the majority, however, that Holt is entitled to correction of his offender score under *Blake* and resentencing within the correct offender score. As to this error, I sympathize with the majority's somewhat vague remand instructions because in light of the negotiated sentence recommendation in this case and the fact that Holt's current sentence falls within his corrected standard range, it will be up to Holt to declare his position on remand. Does he seek a different sentence than the one he expressly agreed to in his contract with the State? If so, what is the sentence he seeks? Perhaps he merely seeks a sentence that roughly equates to the one he originally agreed to—a sentence that, like his original sentence, is exactly 18 months below the top of the standard range (202 months). Or perhaps he seeks the exact sentence he originally agreed to—216 months—which still falls within his new standard range.

---

[12] One might speculate that Holt actually seeks to break his plea agreement with the State by other means, to wit: claiming that he does not seek a sentence other than the one he expressly agreed to in exchange for the State's agreement to dismiss the murder in the first degree charge and the accompanying firearm enhancement (convictions that would have resulted in a much greater standard range), while also asking for a new sentencing hearing in which the sentencing court would hold an evidentiary mitigation hearing to determine the effect of Holt's youth on his criminal behavior—at the conclusion of which the trial court might reject the parties' carefully negotiated joint sentencing recommendation and impose an exceptional sentence downward. But as the majority correctly notes, Holt would not be the only party entitled to present evidence at such a hearing. The State would have the opportunity to present evidence in opposition without being in breach of its own obligations under the plea agreement. (Stated another way, if Holt could present such evidence without being deemed in breach of the plea agreement, the State could as well.)

No. 53122-4-II

Or, perhaps, he actually seeks an exceptional sentence below the standard range, which is contrary to his negotiated plea settlement. If so, the State may seek a ruling by the trial court that Holt is in breach of his plea agreement and may seek a remedy.[13] And it is only when the trial court is apprised of the actual position of the parties that it can determine the proper procedure.

For Holt's part, he has only said, with respect to the *Blake* error, that the trial court should "resentence Mr. Holt with an offender score of '0'". Second Supp. Br. of Appellant at 6. He avoids suggesting that he actually wants a different sentence than the 216 months he bargained for in his plea agreement. As such, with respect to the *Blake* issue we are unable to offer the trial court clearer guidance than that stated in the opinion.

I respectfully concur with the majority's holding that Holt is entitled to be resentenced with an offender score of 0.

CRUSER, J.

---

[13] Under traditional contract principles of plea bargaining, if a party breaches a plea agreement the opposing party is afforded remedies. In the event of a defendant's breach of a plea agreement, the State may rescind the agreement. *State v. Townsend*, 2 Wn. App. 2d 434, 438, 409 P.3d 1094 (2018). When the State accuses the defendant of breaching the plea agreement, the State bears the burden of establishing breach by a preponderance of the evidence. *In re Pers. Restraint of James*, 96 Wn.2d 847, 850-51, 640 P.2d 18 (1982). Before finding the defendant in breach, the trial court must hold an evidentiary hearing on the matter. *Id.*